FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Shy                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MELINDA DAIRE,

    Plaintiff,

v.

ROGER MASON, et al.,

    Defendants.

Case No. CV 13-00973 SVW (AN)

ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

On February 11, 2013, plaintiff Melinda Daire commenced this action by filing her pro se complaint alleging claims for intentional infliction of emotional distress, abuse of process, civil conspiracy and fraud. (Complt. at 1.)

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*; citations and quotations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Consequently, "[a] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action[.]" *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336

F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

This Court lacks jurisdiction over Plaintiff's complaint because it fails to set forth any specific facts that remotely establish this Court has diversity or federal question jurisdiction. At best, the vague and conclusory allegations only raise non-cognizable state tort claims.

Accordingly, for the foregoing reasons, the Court finds it lacks subject matter jurisdiction. Therefore, the complaint is dismissed.

DATED: June 4, 2013

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE